### PRESCOTT et al. v. MICHELIN.

(Court of Appeals of District of Columbia. Submitted January 10, 1927. Decided February 7, 1927.)

No. 1874.

1. Patents ⊜91(4)—Disclosure of junior party in interference proceeding, involving patent for wheel, held to show right to make claims in issue.

Disclosure of junior party in interference proceeding, involving priority of patent for wheel having hub with plurality of laterally extending studs and a body and tire rim mounted thereon, with nuts on studs engaging the body, *held* to show right to make claims in issue.

2. Patents ⊜97—Junior party to interference proceeding held entitled to priority on strength of foreign patent (Nolan Act [Comp. St. §§ 9431a–9431h).

Junior party to interference proceeding *held* entitled, under Nolan Act (Comp. St. §§ 9431a–9431h), to benefit of French application and patent issued long prior to senior party's alleged date of conception, and properly awarded priority.

Appeal from Commissioner of Patents.

Patent interference proceeding between Sydney I. Prescott and another and Andre Jules Michelin. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeal. Affirmed.

J. T. Newton, of Washington, D. C., for appellants.

Ernest Wilkinson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellants, Prescott and Rummler, appeal from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to appellee, Michelin. The issue is embraced in the following count:

"In a wheel of the type described, the combination with a hub having a plurality of laterally extending studs, of a body mounted on said hub and a tire rim mounted on said body, and nuts on said studs engaging the body, said nuts being so formed and co-operating with the body so that they are held fast by the driving torque for holding said body on said hub and thereby causing said body and rim to run true and silently under varying driving stresses."

It appears that appellants filed their application December 12, 1919. Appellee filed in this country on April 16, 1920, and was accordingly made the junior party. Appellants filed a motion to dissolve on the ground that appellee's application did not support the count, and he therefore had no right to make the claim. This motion was denied. Michelin then moved to shift the burden of proof to appellants, basing his motion on a French patent, relying upon the provisions of the Nolan Act (Comp. St. §§ 9431a–9431h). This motion was granted by the Examiner of Interferences. The earliest date alleged by appellants in their preliminary statement was subsequent to the date of appellee's French application. The Examiner, therefore, issued an order against appellants to show cause why judgment should not be entered against them on the record. No showing was made or testimony taken, and judgment was accordingly entered.

[1, 2] The case is here on the right of appellee to make the claims, and also upon his right to the benefit of his French application or patent. Appellee's right to make the claim depends upon the formation of the nuts co-operating with the body, so that they are held in fast position by the driving torque, holding the body tight on the hub, "thereby causing

said body and rim to run true and silently under varying driving stresses."

Appellee in his application states as follows: "In order to prevent rattling, and to form a snug and firm joint, the bearing on the web plate for the bolts is provided with concave sockets, preferably in the form of zones of spheres to engage corresponding bosses on the fastening bolts and nuts, as shown in Figures 3 and 4. Moreover, the screw threads on the opposite ends of the fastening bolts should be oppositely disposed, as shown, so that when the fastening nuts are screwed down tight any tendency of one nut to shake loose will cause the opposite nut to tighten on the screw, and thus both nuts will be automatically held tight in place. Moreover, the bolts and nuts should be so arranged that the nuts of a right-hand wheel should have right-hand threads, and the nuts of a left-hand wheel should have left-hand threads, whereby these nuts would tend automatically to set up tighter."

While the term "driving torque" does not appear in appellee's specification, he clearly discloses the construction and adjustment of the nuts and bolts in such manner that they will automatically be held in place and tightened automatically by the action of the driving torque. It thus appears that appellee's disclosure clearly supports the claim and that he has a right to make it.

Coming to appellee's French patent, the only question is whether it discloses the invention of the issue. On this point the Examiner of Interferences said: "The French patent, on which the moving party relies, shows exactly the same structure in the drawings, except that the drawings do not clearly show the holes in the wheels to be larger than the studs or bolts on the hub flange; however, the specification which relates to this structure reads as follows: 'These nuts have their bearing points rounded. This form provides an automatic locking when it is run for the wheel to play on the hub by reason of bad attachment; for this purpose the nuts on the left have a left-hand pitch and those on the right a right-hand pitch, the opposite of the ordinary axle nut.' "

From this we think it clearly appears that the invention of the issue is disclosed in the French patent, which was issued long prior to appellant's alleged date of conception. The tribunals of the Patent Office were therefore fully justified in entering a judgment of priority in favor of appellee on the face of the record.

The decision of the Commissioner of Patents is affirmed.